IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW DRAKE,

                                      OPINION AND ORDER

            Plaintiff,

                                         16-cv-301-bbc

    v.

AEROTEK, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Andrew Drake is suing defendant Aerotek, Inc. for allegedly interfering with his ability to sustain employment. In particular, plaintiff says that he was terminated from his employment with a third party because defendant threatened to sue the third party, relying on an overly broad interpretation of a noncompete agreement that plaintiff signed while still working for defendant.

      Two motions are before the court: (1) defendant's motion under Fed. R. Civ. P. 42 to consolidate this case with Drake v. Aerotek, No. 14-cv-216-bbc (W.D. Wis.); (2) plaintiff's motion under Fed. R. Civ. P. 56(d) to stay briefing on defendant's motion for summary judgment pending discovery. For the reasons discussed below, I am denying the motion to consolidate and granting the motion to stay further summary judgment proceedings until after the parties have an opportunity to conduct reasonable discovery.

OPINION

A. <u>Motion to Consolidate</u>

I can resolve defendant's motion to consolidate without extended discussion. Although this case and <u>Drake v. Aerotek</u>, No. 14-cv-216-bbc (W.D. Wis.) involve the same parties, they do not involve the same issues. Case no. 14-cv-216-bbc involves overtime pay that defendant allegedly owes plaintiff; this case involves the scope of a noncompete agreement. Defendant cites a seven-factor test from a district court in Texas to support its consolidation argument, <u>Russo v. Alamosa Holdings, Inc</u>., No. 03-CV-289, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004), but defendant fails to account for the text of the relevant rule, which allows joinder only when the cases "involve a common question of law or fact." Fed. R. Civ. P. 42. Defendant says that both cases "arise out of [plaintiff's] employment," but defendant does not identify a single factual or legal determination that is common to both cases.

Even if there were some common questions of law or fact, I would deny defendant's motion. Case no. 14-cv-216-bbc is nearing completion (trial is scheduled for August 29, 2016), but this case is just getting started. If I granted defendant's motion to consolidate, it would cause a significant delay in resolving case no. 14-cv-216-bbc. Particularly because defendant has not identified any common questions in the two cases, I see no reason to postpone the trial in case no. 14-cv-216-bbc.

B.  <u>Motion to Stay Summary Judgment Motion</u>

Twenty days after plaintiff filed this case, before either party had conducted any discovery, defendant filed a motion for summary judgment. Dkt. #8. In its motion, defendant argues that its noncompete agreement is not the cause of plaintiff's termination with the third party and that, regardless, defendant acted in good faith, so it cannot be held liable for tortious interference.

In response, plaintiff says that he needs discovery to refute both of defendant's arguments. In particular, he says that he needs discovery related to (1) the reasons why he was terminated by the third party (in the form of depositions of the third party decision makers and production of documents); (2) the extent to which defendant and the third party are in competition (which relates to the scope of the noncompete agreement and whether defendant acted in good faith); and (3) possible reasons unrelated to a violation of the noncompete agreement that defendant may have threatened to sue the third party, such as retaliation for plaintiff's complaints about his wages (which, plaintiff says, is also relevant to the issue of good faith).

Defendant does not deny that the issues plaintiff raises could be relevant to a claim for tortious interference and it does not deny that plaintiff lacks discovery on these issues. Instead, defendant opposes plaintiff's request to conduct discovery on the ground that a letter defendant sent the third party shows as a matter of law that defendant's conduct was not the reason plaintiff was terminated by the third party and that defendant was acting in good faith.

The letter defendant sent states that "[i]t appears that [plaintiff's] current employment with your organization violates his contractual obligations to" defendant and that "[i]f we do not hear from you with appropriate assurances, we will pursue injunctive relief and damages and will utilize all legal means available to ensure compliance with your obligations to Aerotek." Dkt. #11-4 at 5. Obviously, *defendant's* letter cannot show why a *third party* terminated plaintiff. Further, I agree with plaintiff that the letter does not show as a matter of law whether defendant acted in good faith; other evidence may be relevant to that determination.

In sum, defendant has not shown that it is entitled to the extraordinary relief of denying plaintiff the right to conduct any discovery in this case  Accordingly, I am granting plaintiff's motion to postpone summary judgment proceedings and I am denying defendant's motion for summary judgment without prejudice to allow the parties to engage in reasonable discovery in accordance with the Federal Rules of Civil Procedure. I will direct the clerk of court to set a new scheduling conference before Magistrate Judge Stephen Crocker.

In the alternative, defendant asks the court to "put Plaintiff on notice that he will bear the cost of Aerotek's attorneys' fees and costs if discovery reveals that a broader record is unnecessary." Dkt. #20 at 6. However, the only authority that defendant cites for such an unusual departure from ordinary practice is Fed. R. Civ. P. 11(c)(3), which allows the court to sanction a party for violating Rule 11(b), which prohibits parties from advancing a legally frivolous argument, among other things. Of course, parties do not need to be "put on notice" to follow Rule 11; the rule serves as its own notice. Because defendant cites no

other authority for its proposed "discovery warning," I decline to issue one. If either party believes that the other is violating Rule 11, that party is free to file a motion for sanctions at that time.

ORDER

IT IS ORDERED that

1. Defendant Aerotek, Inc.'s motion to consolidate, dkt. #18, is DENIED.

2. Plaintiff Andrew Drake's motion to stay defendant's motion for summary judgment, dkt. #14, is GRANTED. Defendant's motion for summary judgment, dkt. #8, is DENIED WITHOUT PREJUDICE to defendant's refiling it after a reasonable time for discovery.

3. If defendant has not already done so, it may have 30 days from the date of this order to respond to any discovery requests that plaintiff has served on defendant up until now.

4. The clerk of court is directed to set a prompt scheduling conference before Magistrate Judge Stephen Crocker.

Entered this 18th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge